

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| CARROLL JOE PARR,<br>　　Petitioner,<br><br>v.<br><br>RICK THALER, Director, Texas<br>Department of Criminal Justice,<br>Correctional Institutions Division,<br>　　Respondent. | §<br>§<br>§<br>§   CIVIL ACTION NO. W-06-CA-317<br>§<br>§<br>§<br>§<br>§ |

## O R D E R

Came on to be considered the Motion to Withdraw filed by Petitioner's attorney, Stan Schwieger. Having reviewed the motion, Respondent's opposition, and the file in this case, the Court is persuaded the motion should be denied.

Petitioner Carroll Joe Parr is scheduled for execution on May 7, 2013. While he has apparently exhausted his direct, habeas and appellate remedies, there could possibly be additional measures to be taken which would require the assistance of qualified counsel. Under 18 U.S.C. § 3599(e), an attorney appointed to represent a capital defendant "shall represent the defendant throughout every subsequent stage of available judicial proceedings, including . . . all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures" "[u]nless replaced by similarly qualified counsel. . . ." The standard for substitution of counsel under § 3599 is whether the substitution is in the interests of justice. *Martel v. Clair*, ___ U.S. ___, 132 S.Ct. 1276, 1284, 182 L.Ed.2d

135 (2012). Factors which may be relevant in making such a determination include: "the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." *Id.*, at 1287.

The interests of justice in this case would not be served by substitution of counsel merely two months prior to a scheduled execution date. It would be impossible at this stage in the proceedings for a newly appointed attorney to become familiar with the background and issues involved in this case without a stay of execution and a significant delay in these proceedings. Additionally, the motion cites no reason for a substitution other than Petitioner's request. There is nothing provided which would indicate that withdrawal or substitution of counsel would be in the interests of justice. Accordingly, it is

**ORDERED** that The Motion to Withdraw as Attorney of Record filed by Stan Schwieger is **DENIED**.

**SIGNED** this ___6___ day of March, 2013.

_____
**WALTER S. SMITH, JR.**
**United States District Judge**
